UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARIEL ALVAREZ,

Plaintiff,

v.

ACCOUNTS RECEIVABLE TECHNOLOGIES, INC.,

Defendant.

_____________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, ARIEL ALVAREZ, is a natural person, and citizen of the State of Florida, residing in Dade County, Florida.

4. Defendant, ACCOUNTS RECEIVABLE TECHNOLOGIES, INC., is a professional corporation and citizen of the State of New Jersey with its principal place of business at Suite 410, One Woodbridge Center, Woodbridge, New Jersey, 07095.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following message on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> May 10, 2010 at 4:31 PM
> This message is for Ariel Alvarez Brito. If you're not Ariel Alvarez Brito, please hang up. There'll now be a 3 second pause. By continuing to listen to the message you acknowledge you are Ariel Alvarez Brito. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please contact Bill Water at 1-800-392-4029. My extension is 408. Please reference your file R14627 when calling in. Thank you.

May 18, 2010 at 12:36 PM
Yes, this message is for Ariel Alvarez. If this is not Ariel Alvarez, please hang up. There'll now be a 3 second pause. By continuing to listen to this message, you acknowledge that you are Ariel Alvarez. This is an attempt to collect a debt and any information we obtain will be used for that purpose. Please contact Greg Black at 1-800-392-4029, extension 424. This file reference number is R14627. It is important that we speak with you today.

May 19, 2010 at 5:56 PM – Pre-Recorded Message
800-392-4029. I'm in my office today so please give me a call back as soon as you can. Remember, the number is 1-800-392-4029. Please give me a call back. Thanks.

May 20, 2010 at 7:50 PM – Pre-Recorded Message
At 1-800-392-4029. I'm in my office today so please give me a call back as soon as you can. Remember, the number is 1-800-392-4029. Please give me a call back. Thanks.

May 21, 2010 at 10:04 AM
(Inaudible). This call is for Ariel Alvarez-Brito. If this is not Ariel, then hang up. There'll be a 3 second pause. By continuing to listen to this message, you've acknowledged that you're Ariel. This is an attempt to collect a debt. Any and all information obtained will be used for that purpose. Contact 800-392-4029, extension 467.

May 21, 2010 at 2:13 PM – Pre-Recorded Message
392-4029. I'm in my office today so please give me a call back as soon as you can. Remember, the number is 1-800-392-4029. Please give me a call back. Thanks.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates Paragraphs 1 through 16.

22. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. a declaration that Defendant's calls violate the TCPA;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658